IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RESTRAINT OF TWO REAL PROPERTIES LOCATED IN NEW YORK CITY | Misc. No. 23-mc-41-ABJ-ZMF |

# ORDER

WHEREAS this matter comes before the Court upon the United States' *Ex Parte* Application (the "Application") to enforce and register a foreign restraining order pursuant to 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii), and 18 U.S.C. § 983(j)(1)(A), which provide U.S. district courts with jurisdiction to register and enforce foreign restraining orders and to take such other action in connection with any property or other interest subject to forfeiture in a foreign proceeding to ensure its availability for forfeiture;

WHEREAS the Application seeks enforcement of a foreign restraining order issued by Criminal Investigations Magistrate Court No. 5, of Las Palmas de Gran Canaria, Spain (the "*Las Palmas* Court") on April 23, 2021, as corrected on April 26, 2022 (the "Spanish Order");

WHEREAS the Spanish Order seeks to restrain the following real property pending ongoing criminal proceedings in Spain against Vladimir Kokorev ("V. Kokorev") and associated others:

1. 290 Mulberry Street, New York, NY 10012 and
2. 151 E. 85th Street, Apartment 19J, New York, NY 10028

WHEREAS, upon consideration of the Application, the Court FINDS that:

1

(a) This Court has jurisdiction over the subject matter of this case, and pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is appropriate in the United States District Court for the District of Columbia;

(b) The United States and Spain are parties to a bilateral agreement which provides for forfeiture assistance, namely the Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Kingdom of Spain, U.S.-Spain, Nov. 20, 1990, S. TREATY DOC. NO. 102-21 (1992);

(c) On February 6, 2023, the Attorney General of the U.S. Department of Justice, though his designee, certified that enforcement of the Spanish Order against the above-listed property is "in the interest of justice;"

(d) The Spanish Order has been rendered under a system of law compatible with the requirements of due process;

(e) The *Las Palmas* Court has jurisdiction over the subject matter over the proceedings pursuant to which the Spanish Order was issued; and

(f) There is no indication that Spanish Order was obtained by fraud.

Now, therefore, it is hereby ORDERED ADJUDGED, AND DECREED, pursuant to 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii) and 18 U.S.C. § 983(j)(1)(A), that:

1. The Spanish Order is hereby REGISTERED and ENFORCED by this Court;

2. The above-listed property is hereby RESTRAINED;

3. With respect to the above-listed property, V. Kokorev and all persons, companies, entities, agents, servants, employees, attorneys, family members, including those persons in active concert or participation with V. Kokorev, are hereby ENJOINED AND RESTRAINED from transferring, selling, assigning, pledging, distributing, giving away, encumbering, leasing, subleasing, or otherwise participating in the disposal of the above-listed property, by mortgage or otherwise, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard;

4. Upon this Order, the current owner(s) or occupant(s) of the above listed property shall not be evicted or deprived of their use and enjoyment of any restrained property, however, no new leases or rental agreements shall be entered into without notification to the United States and approval of the United States and all rents paid, if any, shall be maintained by the relevant property managers and are not to be transferred to V. Kokorev or any persons, companies, entities, agents, servants, employees, attorneys, family members, including those persons in active concert or participation with V. Kokorev, without prior approval of the Court upon notice to the United States;

5. With respect to the above-listed property, V. Kokorev and any person, company, entity, agent, servant, employee, attorney, family member, including those persons in active concert or participation with V. Kokorev, shall pay all fees and taxes associated with the property, including any common charges accrued and due during the pendency of this Court's Order; and

6. This Order shall become effective immediately and shall remain in full force and effect until any final confiscation orders or judgments obtained pursuant to Spanish criminal and confiscation proceedings are enforced by this Court; until the Spanish Order has been quashed, discharged, or modified in a substantive way affecting these U.S. assets and the United States seeks an amended Order; or, until the United States applies for a release of this Order on its own accord.

It is FURTHER ORDERED THAT the Attorney General of the United States or his duly authorized representative shall:

7. Give effect to this Order by recording a notice of *lis pendens* with the New York County Recorder's Office, and may maintain any notice of *lis pendens* so long as this Order is in effect;

8. Use best efforts to provide a copy of this Order to any known beneficial owner of the aforementioned assets and to anyone else known to the United States as holding a protected interest in the assets; and

9. Provide notice of this Order to the person(s), if any, responsible for collecting rental income derived from these properties or their legal representatives.

SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE